## The State v. James Howard.

Cutting and carrrying away timber from lands belonging to the State, without the consent of the State, is not an offence punishable under the Act of 20th March, 1848, (Art. 493, Hart. Dig.)

Appeal from Lamar.   Tried below before the Hon. W. S. Todd.

Indictment for cutting and carrying away lumber from lands belonging to the State. Upon motion the indictment was quashed and the State appealed.

*J. Willie*, Attorney General for the State.

*B. T. Lehman*, for appellee.

HEMPHILL, CH. J. The question in this case is whether the cutting and carrying away timber from the lands belonging to the State. without the consent of the State, is an offence punishable under the Statute declaring that a person wilfully cutting down and carrying away, &c., timber, upon any land not his own, without the consent of the owner, shall be guilty of a misdemeanor, &c. (Act of 20th March, 1848, Art. 493, Hart. Dig.)

The Act does not expressly declare the cutting of timber upon the public lands to be an offence, nor does this appear on a fair and reasonable construction to be the intent of the Act. The mischief to be remedied was trespasses on private, not public lands. In relation to the latter there was no complaint, at least they were not regarded such a grievance as to require special penalties and inhibitions. The State was inviting set-

tlers on her lands, and though she did not authorize, yet she did not prohibit the conversion of public timber to private use.

The term "owner" is general, and in a certain sense may apply to the State, but it is not a fair inference that in an Act to punish trespasses on the lands of another, the Legislature would, under a general term, include the State in the same category with the individual owners of lands. Such a construction would operate as a surprise and as a snare to entrap innocent persons.

The fourth Section of the Act, (Art. 496,) declares that a conviction under the provisions of the Act shall not be a bar to a civil suit or action for damages by the owner of the land. This evidently refers to individual owners. It would do violence to the spirit, if not the letter of the Act, to suppose that under these terms, the Legislature authorized the State to bring suit and recover damages for all the timber that may be cut off the public lands.

The law has always been regarded as operating only on offences against private lands. It has been superseded by similar provisions in the Code, and at the last session of the Legislature the evidence to establish the ownership of lands trespassed upon was prescribed, providing exclusively for the proof of private ownership. This is eqvivalcnt to a legislative construction of the original Act, is in accordance with its spirit and intent, and with its generally received sense and interpretation. The judgment below sustaining the exceptions to the indictment is affirmed.

Judgment affirmed.